1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RALPH DAVIS, SR., | ) | Case No. CV 19-9825-JEM |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION AND ORDER |
| v. | ) | AFFIRMING DECISION OF THE |
| | ) | COMMISSIONER OF SOCIAL SECURITY |
| ANDREW M. SAUL, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PROCEEDINGS**

On November 15, 2019, Ralph Davis, Sr. ("Plaintiff" or "Claimant") filed a complaint

seeking review of the decision by the Commissioner of Social Security ("Commissioner")

denying Plaintiff's application for Social Security Disability Insurance benefits.  (Dkt. 1.)  The

Commissioner filed an Answer on February 24, 2020.  (Dkt. 10.)  On May 27, 2020, the parties

filed a Joint Stipulation ("JS").  (Dkt. 14.)  The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this

Magistrate Judge.  After reviewing the pleadings, transcripts, and administrative record ("AR"),

the Court concludes that the Commissioner's decision must be affirmed and this case

dismissed with prejudice.

**BACKGROUND**

1
2
Plaintiff is a 61 year-old male who applied for Social Security Disability Insurance
3
benefits on September 22, 2016, alleging disability beginning February 22, 2016.  (AR 15.)
4
The ALJ determined that Plaintiff has not engaged in substantial gainful activity since August
5
18, 2016, the amended alleged onset date.[1]  (AR 17.)
6
Plaintiff's claim was denied initially on November 18, 2016.  (AR 15.)  Plaintiff filed a
7
timely request for hearing, which was held before Administrative Law Judge ("ALJ") Richard T.
8
Breen on October 4, 2018, in West Los Angeles, California.  (AR 15.)  Plaintiff appeared and
9
testified at the hearing and was represented by counsel.  (AR 15.)  Vocational expert ("VE")
10
Aida Y. Worthington also appeared and testified at the hearing.  (AR 15.)
11
The ALJ issued an unfavorable decision on October 31, 2018.  (AR 15-23.)  The
12
Appeals Council denied review on September 12, 2019.  (AR 1-3.)
13
**DISPUTED ISSUES**
14
As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as
15
grounds for reversal and remand:
16    1.    Whether the ALJ erred by not finding that Plaintiff had a severe mental
17          impairment.
18    2.    Whether the ALJ erred by finding that Plaintiff could perform substantial gainful
19          activity despite sleep apnea.
20    3.    Whether the ALJ erred in rejecting Plaintiff's allegations and testimony.
21
**STANDARD OF REVIEW**
22
Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether
23
the ALJ's findings are supported by substantial evidence and free of legal error.  Smolen v.
24
Chater, 80 F.3d 1273 , 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846
25
(9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and
26
based on the proper legal standards).
27
28
_____

[1] At the October 4, 2018 hearing, Plaintiff, by and through his attorney of record, moved to amend the alleged onset date of disability to August 18, 2016.  (AR 15.)

1   Substantial evidence means "'more than a mere scintilla,' but less than a

2   preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v.

3   Perales, 402 U.S. 389, 401 (1971)).  Substantial evidence is "such relevant evidence as a

4   reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at

5   401 (internal quotation marks and citation omitted).

6   This Court must review the record as a whole and consider adverse as well as

7   supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006).  Where

8   evidence is susceptible to more than one rational interpretation, the ALJ's decision must be

9   upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).

10  "However, a reviewing court must consider the entire record as a whole and may not affirm

11  simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882

12  (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495

13  F.3d 625, 630 (9th Cir. 2007).

14                          **THE SEQUENTIAL EVALUATION**

15  The Social Security Act defines disability as the "inability to engage in any substantial

16  gainful activity by reason of any medically determinable physical or mental impairment which

17  can be expected to result in death or . . . can be expected to last for a continuous period of not

18  less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Commissioner has

19  established a five-step sequential process to determine whether a claimant is disabled.  20

20  C.F.R. §§ 404.1520, 416.920.

21  The first step is to determine whether the claimant is presently engaging in substantial

22  gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007).  If the claimant is engaging

23  in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137,

24  140 (1987).  Second, the ALJ must determine whether the claimant has a severe impairment or

25  combination of impairments. Parra, 481 F.3d at 746.  An impairment is not severe if it does not

26  significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290.  Third, the ALJ must

27  determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R.

28  Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746.  If the impairment

1   meets or equals one of the listed impairments, the claimant is presumptively disabled.  Bowen,

2   482 U.S. at 141.  Fourth, the ALJ must determine whether the impairment prevents the

3   claimant from doing past relevant work.  Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir.

4   2001).  Before making the step four determination, the ALJ first must determine the claimant's

5   residual functional capacity ("RFC").  20 C.F.R. § 416.920(e).  The RFC is "the most [one] can

6   still do despite [his or her] limitations" and represents an assessment "based on all the relevant

7   evidence."  20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).  The RFC must consider all of the

8   claimant's impairments, including those that are not severe.  20 C.F.R. §§ 416.920(e),

9   416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

10       If the claimant cannot perform his or her past relevant work or has no past relevant work,

11   the ALJ proceeds to the fifth step and must determine whether the impairment prevents the

12   claimant from performing any other substantial gainful activity.  Moore v. Apfel, 216 F.3d 864,

13   869 (9th Cir. 2000).  The claimant bears the burden of proving steps one through four,

14   consistent with the general rule that at all times the burden is on the claimant to establish his or

15   her entitlement to benefits.  Parra, 481 F.3d at 746.  Once this prima facie case is established

16   by the claimant, the burden shifts to the Commissioner to show that the claimant may perform

17   other gainful activity.  Lounsbury v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006).  To support

18   a finding that a claimant is not disabled at step five, the Commissioner must provide evidence

19   demonstrating that other work exists in significant numbers in the national economy that the

20   claimant can do, given his or her RFC, age, education, and work experience.  20 C.F.R.

21   § 416.912(g).  If the Commissioner cannot meet this burden, then the claimant is disabled and

22   entitled to benefits.  Id.

23                               **THE ALJ DECISION**

24       In this case, the ALJ determined at step one of the sequential process that Plaintiff has

25   not engaged in substantial gainful activity since August 18, 2016, the amended alleged onset

26   date.  (AR 17.)

27       At step two, the ALJ determined that Plaintiff has the following medically determinable

28   severe impairments: obstructive sleep apnea and obesity.  (AR 17-19.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments.  (AR 19.)

The ALJ then found that Plaintiff has the RFC to perform the full range of sedentary work as defined in 20 CFR § 404.1567(a).  (AR 19-22.)  In determining the above RFC, the ALJ made a determination that Plaintiff's subjective symptom allegations were "not entirely consistent" with the medical evidence and other evidence of record.  (AR 20.)

At step four, the ALJ found that Plaintiff is able to perform his past relevant work as a parts cataloguer.  (AR 22.)

Consequently, the ALJ found that Claimant is not disabled within the meaning of the Social Security Act.  (AR 23.)

**DISCUSSION**

The ALJ decision must be affirmed.  The ALJ properly considered the medical evidence. The ALJ properly discounted Plaintiff's subjective symptom allegations.  The ALJ's RFC is supported by substantial evidence.

I.     **THE ALJ PROPERLY CONSIDERED PLAINTIFF'S MENTAL IMPAIRMENT**

The ALJ determined at step two of the sequential process that Plaintiff's medically determinable impairment of anxiety disorder was not severe.  (AR 18-19.)  Plaintiff challenges the ALJ's nonseverity finding.  Plaintiff's argument is without merit.

A.     **Relevant Federal law On Severity**

At step two of the sequential inquiry, the ALJ determines whether the claimant has a severe medical impairment or combination of impairments.  Bowen, 482 U.S. at 140-41.  An impairment is not severe if it does not significantly limit the claimant's ability to work.  Smolen, 80 F.3d at 1290.  The ALJ, however, must consider the combined effect of all the claimant's impairments on his ability to function, regardless of whether each alone was sufficiently severe. Id.  Also, the ALJ must consider the claimant's subjective symptoms in determining severity. Id.

The step two determination is a de minimis screening device to dispose of groundless claims.  Bowen, 482 U.S. at 153-54.  An impairment or combination of impairments can be

1  found nonsevere only if the evidence establishes a slight abnormality that has no more than a

2  minimal effect on an individual's ability to work.  See SSR 85-28; Webb v. Barnhart, 433 F.3d

3  683, 686-87 (9th Cir. 2006); Smolen, 80 F.3d at 1290; Yuckert v. Bowen, 841 F.2d 303, 306

4  (9th Cir. 1988) (adopting SSR 85-28).

5       **B.    Analysis**

6       In determining Plaintiff's mental impairments were not severe, the ALJ found Plaintiff

7  had only mild limitations in (a) understanding, remembering, or applying information, (b)

8  interacting with others, (c) concentration, persistence, and pace, and (d) adapting or managing

9  himself.  (AR 18.)  The ALJ also found that there are no longitudinal records supporting a

10  severe anxiety impairment, other than an isolated mention by Plaintiff of mild depression not

11  indicative of a severe impairment.  (AR 19.)  Plaintiff did not report any mental impairments to

12  his primary care physician.  (AR 19, 317.)  He denied any psychiatric symptoms.  (AR 19, 347.)

13       The ALJ's nonseverity determination is supported by the opinion and testimony of State

14  agency mental consultant Dr. Jennifer Meyer.  (AR 19, 62-63.)  She opined that Plaintiff's

15  anxiety disorder was nonsevere and that Plaintiff has no more than mild mental limitations.

16  (AR 19, 62-63.)  She also noted the lack of mental health treatment, psychotropic medications,

17  and any mention of mental difficulties in the treatment records.  (AR 62.)  The opinions of a

18  non-examining physician can serve as substantial evidence when the opinions are consistent

19  with independent clinical findings or other evidence of record.  Thomas v. Barnhart, 278 F.3d

20  947, 957 (9th Cir. 2002).

21       The ALJ also considered the opinion of consulting examiner Dr. Rashin D'Angelo.  (AR

22  19, 284-289.)  He found mild difficulties focusing or maintaining attention and in concentration,

23  persistence, and pace.  (AR 288.)  Dr. D'Angelo, however, also assessed moderate limitations

24  in social functioning, accepting instructions from supervisors or interacting with co-workers and

25  the public, and handling the usual stresses, changes, and demands of work.  (AR 19, 288.)

26  The ALJ rejected Dr. D'Angelo's moderate limitations.  (AR 19, 22.)  Because Dr. Meyer's

27  opinion contradicts Dr. D'Angelo's opinion, the ALJ must give specific, legitimate reasons

28

1 | supported by substantial evidence for rejecting Dr. D'Angelo's opinion.  Ford v. Saul, 950 F.3d

2 | 1141, 1154 (9th Cir. 2020).

3 |       The ALJ noted that there were no longitudinal medical records supporting a severe

4 | anxiety impairment, Plaintiff never reported anxiety to his physician, and the symptoms he

5 | reported to Dr. D'Angelo are not documented in the treatment records.  (AR 19.)  An ALJ may

6 | reject a physician's opinion that does not have supportive evidence, is contradicted by other

7 | assessments, and is unsupported by the record as a whole.  Batson v. Comm'r, 359 F.3d 1190,

8 | 1195 & n.3 (9th Cir. 2004); Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005).  Dr.

9 | Meyer, moreover, found that Dr. D'Angelo overly relied on Plaintiff's subjective symptoms,

10 | which as noted below have been discounted.  (AR 62.)  A claimant' statements may be

11 | disregarded to the extent unsupported by subjective findings.  Nyman v. Heckler, 779 F.2d 528

12 | (9th Cir. 1985); see also Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001) (a

13 | physician's opinion based on subjective complaints of a claimant whose symptoms have been

14 | discounted can be properly disregarded).  Plaintiff alleged severe social difficulties yet was able

15 | to work for the same company for 39 years, suggesting no serious problems with supervisors

16 | and co-workers.  (AR 62.)  He also related adequately at the exam.  (AR 62.)

17 |       The ALJ rejected Dr. D'Angelo's moderate limitations for specific, legitimate reasons

18 | supported by substantial evidence.  The ALJ's finding that Plaintiff's mental impairments are

19 | nonsevere is supported by substantial evidence.

20 |       Any error in the ALJ's step two nonseverity finding would be harmless error in any event.

21 | See Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008) (error harmless if

22 | inconsequential to non-disability determination).  The ALJ found that Plaintiff met step two with

23 | his other conditions of obstructive sleep apnea and obesity and considered both severe and

24 | nonsevere limitations in assessing Plaintiff's RFC.  Lewis v. Astrue, 498 F.3d 909, 911 (9th Cir.

25 | 2007) (error at step two harmless because ALJ considered impairments later in sequential

26 | analysis).  Plaintiff never responded to the Commissioner's assertion of harmless error.

27 |

28 |

1   **II.      THE ALJ PROPERLY CONSIDERED PLAINTIFF'S OBSTRUCTIVE SLEEP APNEA**

2          Plaintiff was diagnosed with severe obstructive sleep apnea ("OSA") in May 2016.  (AR

3   21, 268.)  The ALJ found that Plaintiff's OSA was a severe medically determinable impairment

4   that "significantly limit[s] the ability to perform basic work activities."  (AR 17.)  The ALJ

5   accommodated Plaintiff's OSA and obesity in the sedentary work RFC he assessed.  (AR 19,

6   22.)  The ALJ's RFC regarding OSA is supported by substantial evidence.

7          Plaintiff alleges he can no longer work because of his OSA, difficulty breathing, and

8   interrupted sleep.  (AR 20, 21.)  In May 2016, Dr. Shirisha Janunpully administered an

9   overnight polysomnography study and reported Plaintiff had severe OSA and incomplete

10  CPAP-BIPAP titration.  (AR 21, 268-277.)  On May 31, 2016, Plaintiff told Dr. Anita Kriplani that

11  he had difficulty breathing, interrupted sleep, and dyspnea (shortness of breath) when he

12  walked 1/4 block.  (AR 21, 294.)  At her suggestion, in August 2016 Plaintiff did a repeat sleep

13  study with an adaptive servo ventilation ("ASV") titration machine, which he began using.  (AR

14  21, 295, 317.)  Plaintiff reported feeling better when using his sleep machines and doing worse

15  when not using them.  (AR 21.)  In December 2016, for example, Plaintiff was using the

16  machine every night and was feeling better during the day.  (AR 21, 293.)

17         In April and December 2017, Plaintiff told Dr. Kriplani he felt sleepy during the day and

18  dyspnea with minimal activity.  (AR 21, 292.)  He also reported in April 2017 and December

19  2017 that he was having difficulty sleeping with the CPAP mask and waking up during the night

20  with difficulty going back to sleep.  (AR 21, 291, 292.)  Yet Dr. Kriplani, a pulmonologist, found

21  Plaintiff was in no acute distress with normal respiratory and cardiological findings.  (AR 292.)

22         In April 2018, Plaintiff told Dr. Ngan that he was not getting restful sleep with his BIPAP

23  machine.  (AR 21, 298.)  In September 2018, Plaintiff complained of feeling tired during the day

24  even though he was using the CPAP every night.  (AR 21, 347.)  He was waking up 3 or 4

25  times a night and was unable to fall back to sleep.  (AR 21, 347.)  He also reported getting

26  short of breath just taking out the trash.  (AR 21, 347.)  Plaintiff's shortness of breath, however,

27  was due to obesity and deconditioning, not OSA.  (AR 21, 291, 347.)  He told the ALJ at the

28

1  hearing he could not do full time work because his normal daily schedule involves periods of off

2  and on sleeping, and he did not have enough energy to get through a workday.  (AR 43-44.)

3       In formulating Plaintiff's RFC, the ALJ relied on the October 28, 2016 opinion of

4  consulting internist Dr. Ruben Ustaris.  (AR 21-22, 279-283.)  Plaintiff related to Dr. Ustaris that

5  he recently had been diagnosed with OSA and had been using a BIPAP for two weeks.  (AR

6  21, 279.)  He reported sleeping a maximum of four hours per night and when he wakes up he

7  cannot get back to sleep easily.  (AR 21, 279.)  Nonetheless, Dr. Ustaris opined that Plaintiff

8  had no physical limitations.  (AR 21.)  Plaintiff contends that Dr. Ustaris did not review any

9  medical records (AR 282) but Plaintiff had related to Dr. Ustaris that he had been diagnosed

10  with OSA and was using a BIPAP machine.  (AR 21, 279.)  Additionally, State agency physician

11  Dr. A. Resnick reviewed Plaintiff's medical records and opined on November 2016 that

12  Plaintiff's physical impairments were not severe.  (AR 22, 61.)

13       The ALJ rejected the opinions of Dr. Ustaris and Dr. Resnick as not restrictive enough.

14  (AR 21-22.)  Instead, the ALJ found that Plaintiff's obesity and sleep apnea are severe

15  impairments warranting a light level of physical exertion.  (AR 22.)  Elsewhere, the ALJ found

16  that Plaintiff has the RFC to perform the full range of sedentary work.  (AR 19.)  This

17  inconsistency, however, constitutes harmless error because the ALJ at step four found that

18  Plaintiff could perform his past relevant work as a parts cataloguer, which is a sedentary

19  occupation.  (AR 22.)  See Tommasetti, 533 F.3d at 1038 (error is harmless when it is

20  "inconsequential to the ultimate nondisability determination"), quoting Stout v. Comm'r, 454

21  F.3d 1050, 1055-56 (9th Cir. 2006).

22       Thus, the ALJ relied on the opinions of Dr. Ustaris and Dr. Resnick and the medical

23  records in formulating Plaintiff's sedentary RFC.  (AR 22.)  There are no contrary medical

24  opinions.  Plaintiff relies on his own symptoms, which as already noted are not supported by

25  the medical evidence of record and are discounted below.  The ALJ's sedentary RFC, which

26  accommodates Plaintiff's severe impairments of obesity and OSA, is supported by substantial

27  evidence.  Even a finding of a severe impairment does not necessarily warrant any limitations

28

1  in an individual's ability to perform basic work activities.  See Bray v. Comm'r of Soc. Sec.

2  Adm., 554 F.3d 1219, 1228-29 (9th Cir. 2009).

3      Plaintiff disagrees with the ALJ's evaluation of the evidence in regard to Plaintaiff's OSA,

4  but it is the ALJ's responsibility to resolve conflicts in the medical evidence and ambiguities in

5  the record.  Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995).  Where the ALJ's

6  interpretation of the record is reasonable, as it is here, it should not be second-guessed.

7   Rollins, 261 F.3d at 857; Thomas, 278 F.3d at 954 ("Where the evidence is susceptible to

8  more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's

9  conclusion must be upheld.").

10      The ALJ properly considered Plaintiff's sleep apnea.

11  **III.   THE ALJ PROPERLY DISCOUNTED PLAINTIFF'S SUBJECTIVE SYMPTOM ALLEGATIONS**

12

13  Plaintiff contends that the ALJ improperly discounted Plaintiff's subjective symptom

    allegations.  The Court disagrees.

14      **A.    Relevant Federal Law**

15      The ALJ's RFC is not a medical determination but an administrative finding or legal

16  decision reserved to the Commissioner based on consideration of all the relevant evidence,

17  including medical evidence, lay witnesses, and subjective symptoms.  See SSR 96-5p; 20

18  C.F.R. § 1527(e).  In determining a claimant's RFC, an ALJ must consider all relevant evidence

19  in the record, including medical records, lay evidence, and the effects of symptoms, including

20  pain reasonably attributable to the medical condition.  Robbins, 446 F.3d at 883.

21      The test for deciding whether to accept a claimant's subjective symptom testimony turns

22  on whether the claimant produces medical evidence of an impairment that reasonably could be

23  expected to produce the pain or other symptoms alleged.  Bunnell v. Sullivan, 947 F.2d 341,

24  346 (9th Cir. 1991); see also Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Smolen, 80

25  F.3d at 1281-82 esp. n.2.  The Commissioner may not discredit a claimant's testimony on the

26  severity of symptoms merely because they are unsupported by objective medical evidence.

27  Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345.  If the ALJ finds the claimant's pain

28

1 │ testimony not credible, the ALJ "must specifically make findings which support this conclusion."

2 │ Bunnell, 947 F.2d at 345.  The ALJ must set forth "findings sufficiently specific to permit the

3 │ court to conclude that the ALJ did not arbitrarily discredit claimant's testimony."  Thomas v.

4 │ Barnhart, 278 F.3d 947, 958 (9th Cir. 2002); see also Rollins v. Massanari, 261 F.3d 853, 857

5 │ (9th Cir. 2001); Bunnell, 947 F.2d at 345-46.  Unless there is evidence of malingering, the ALJ

6 │ can reject the claimant's testimony about the severity of a claimant's symptoms only by offering

7 │ "specific, clear and convincing reasons for doing so."  Smolen, 80 F.3d at 1283-84; see also

8 │ Reddick, 157 F.3d at 722.  The ALJ must identify what testimony is not credible and what

9 │ evidence discredits the testimony.  Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

10 │     **B.   Analysis**

11 │     In determining Plaintiff's RFC, the ALJ concluded that Plaintiff's medically determinable

12 │ impairments reasonably could be expected to cause the alleged symptoms.  (AR 20.)  The ALJ,

13 │ however, also found that Plaintiff's statements regarding the intensity, persistence, and limiting

14 │ effects of these symptoms are "not entirely consistent" with the medical evidence and other

15 │ evidence of record.  (AR 20.)  Because the ALJ did not make any finding of malingering, he

16 │ was required to provide clear and convincing reasons supported by substantial evidence for

17 │ discounting Plaintiff's subjective symptom allegations.  Smolen, 80 F.3d at 1283-84;

18 │ Tommasetti, 533 F.3d at 1039-40.  The ALJ did so.

19 │     First, the ALJ found that Plaintiff's subjective allegations were inconsistent with Plaintiff's

20 │ medical records which show mild findings.  (AR 20.)  Plaintiff's allegations are "not consistent

21 │ with the preponderance of the opinions and observations by the medical doctors in this case,"

22 │ those of Dr. Meyer, Dr. D'Angelo, Dr. Ustaris, and Dr. Resnick.  (AR 22.)  Plaintiff's physical

23 │ and neurological examinations were overall unremarkable.  (AR 21.)  His hypertension,

24 │ diabetes, and mental health impairments were nonsevere.  (AR 17-19.)  His severe

25 │ impairments of obesity and OSA are accommodated in the ALJ's sedentary RFC.  An ALJ is

26 │ permitted to consider whether there is a lack of medical evidence to corroborate a claimant's

27 │ alleged symptoms so long as it is not the only reason for discounting a claimant's subjective

28 │ symptom allegations.  Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005).

1  Second, the ALJ found that Plaintiff's activities of daily living were inconsistent with his
2  subjective symptom allegations, which is a legitimate consideration in evaluating those
3  allegations. Bunnell, 947 F.2d at 345-46.  Here, the ALJ found Plaintiff goes to the grocery
4  store with his wife, does light cleaning, and washes dishes.  (AR 20.)  Plaintiff denied any
5  problem with personal care and noted he was able to wash and fold clothes, wash dishes, go
6  out alone, and drive.  (AR 20.)  Dr. Ustaris found that he does not require the use of an
7  assistive device for ambulation.  (AR 280.)  Dr. Meyer found that Plaintiff's daily activities were
8  no more than mildly limited.  (AR 62.)  Plaintiff contends that these activities do not prove he
9  can work a full time job, but they do suggest that Plaintiff has greater functional abilities than
10  alleged.  See Valentine v. Comm'r, 574 F.3d 685, 694 (9th Cir. 2009).

11  Third, the ALJ found that Plaintiff was not always compliant with recommended
12  treatment.  (AR 20, 21, 22.)  An ALJ may consider unexplained or inadequately explained
13  failure to seek treatment or follow a treatment regimen in evaluating credibility.  Tommasetti,
14  533 F.3d at 1039.  Here, Plaintiff testified that he had been "in denial" about the importance of
15  using the CPAP machine but admitted that he started feeling better when using it.  (AR 21, 42.)

16  Fourth, Plaintiff plainly enjoyed improvement in breathing and sleeping with the sleep
17  machines after August 2016.  (AR 21.)  This too is a basis for discounting Plaintiff's alleged
18  symptoms.  See Morgan, 169 F.3d at 599 (ALJ properly relied on improvement of symptoms to
19  discount symptom testimony); Fletcher-Silvas v. Saul, 791 F. App'x 647, 649 (9th Cir. 2019)
20  (ALJ properly relied on improvement even though claimant still had some mobility constraints).

21  Fifth, the ALJ found that Plaintiff stopped working because he was laid off, not because
22  of his impairments.  (AR 20.)  See Bruton v. Massanari, 268 F.3d 824, 828 (9th Cir. 2001) (ALJ
23  properly considered claimant was out of work because he was laid off and not because of his
24  disabling injuries).

25  Sixth, the ALJ observed Plaintiff had received unemployment benefits during the period
26  he was allegedly disabled.  (AR 20-21.)  This is another valid reason for discounting Plaintiff's
27  symptom allegations.  See Copeland v. Bowen, 861 F.2d 536, 542 (9th Cir. 1988).  Plaintiff

28

1  argues he amended his onset date from February 2016 to August 2016, but he received

2  unemployment benefits through the end of September.  (AR 133.)

3        Plaintiff disputes the ALJ's evaluation of the evidence, but again it is the ALJ's

4  responsibility to resolve conflicts in the medical evidence and ambiguities in the record.

5  Andrews, 53 F.3d at 1039.  Where the ALJ's interpretation of the record is reasonable, as it is

6  here, it should not be second-guessed.  Rollins, 261 F.3d at 857; Thomas, 278 F.3d at 954

7  ("Where the evidence is susceptible to more than one rational interpretation, one of which

8  supports the ALJ's decision, the ALJ's conclusion must be upheld.").

9        The ALJ discounted Plaintiff's subjective symptom allegations for clear and convincing

10  reasons supported by substantial evidence.

11                                         * * *

12        The ALJ properly considered the medical evidence.  The ALJ properly discounted

13  Plaintiff's subjective symptom allegations.  The ALJ's RFC is supported by substantial

14  evidence.

15                                         * * *

16        The ALJ's nondisability determination is based on substantial evidence and free of legal

17  error.

18                                      **ORDER**

19        IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the

20  Commissioner of Social Security and dismissing this case with prejudice.

21

22  DATED:  July 17, 2020                    _/s/ John E. McDermott_

23                                      JOHN E. MCDERMOTT
                                        UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28